THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR BRENNAN MALLOY, ) | |
| AIS #101329, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-183-TMH |
| ) | |
| CARTER F. DAVENPORT, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Arthur Brenna Malloy ["Malloy"], a state inmate, on February 27, 2012. In this petition, Malloy challenges the failure of the Alabama Board of Pardons and Paroles to issue a ruling on his November 12, 2008 application for a pardon. Specifically, Malloy argues he is entitled to a pardon because: (i) He has alleged actual innocence based on the State's failure to establish his specific intent to commit the crime of first degree robbery, i.e., his conviction is improperly based on the transferred intent of his co-defendant, thereby creating a liberty interest in receiving a pardon; (2) He has a constitutionally protected liberty interest "in 'not' being denied relief/pardon for arbitrary or constitutionally impermissible reasons; and (3) The Board's failure to grant the relief requested is a violation of equal protection. *Petition - Doc. No. 1* at 6-8.

Malloy, however, concedes he filed a previous habeas petition, *Malloy v. Wise, et al.*,

Civil Action No. 09-CV-964-TMH, in which the "[i]ssu(s) raised [are the] same as included herein." *Petition - Doc. No. 1* at 13. In this prior habeas action, the court dismissed the petition without prejudice to afford Malloy the opportunity to properly exhaust his available state remedies. Malloy appealed the judgment of this court and his appeal remains pending before the Eleventh Circuit Court of Appeals. Malloy argues in the current habeas petition, as he does on appeal in 09-CV-964-TMH-CSC, that this court should allow his claims for habeas relief to proceed despite his failure to exhaust state remedies because the state remedies are ineffectual and any attempt to complete exhaustion would be futile. *Id.* The law, however, is well settled that "the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." *Mahone v. Ray*, 326 F.3d 1176, 1178 (11th Cir. 2003); *see also United States v. Wilson*, 445 Fed.Appx. 203 (11th Cir. 2011) ("Although a [district] court is generally required to resolve all claims in a petition for writ of habeas corpus under 28 U.S.C. § 2254, there is 'equally clear precedent' stating 'that collateral claims should not be entertained while a direct appeal is pending.'").

Based on the foregoing, the court entered an order requiring Malloy to "show cause why the present petition for habeas corpus relief should not be dismissed without prejudice as the claims presented for relief are pending on appeal in *Malloy v. Wise, et al.*, Civil Action No. 09-CV-964-TMH." *Order of February 29, 2012 - Doc. No. 3*. In response to this order, Malloy merely reiterates the argument pending on appeal in his 2009 habeas action that he "satisfies 'the doctrine of futility'" with respect to any "further exhaustion efforts" in the state

courts and asserts this court should therefore allow him to proceed on the claims raised in the instant § 2254 petition. *Response - Doc. No. 4* at 3.

The precise claims presented for review by Malloy in the instant habeas petition are currently pending before the Eleventh Circuit Court of Appeals on an appeal filed by Malloy in Civil Action No. 09-CV-964-TMH. Under applicable federal law, this court lacks jurisdiction to consider these claims while Malloy's appeal in his prior habeas case remains pending before the Eleventh Circuit. *Mahone*, 326 F.3d at 1178.

Accordingly, it is the Recommendation of the Magistrate Judge that the petition for habeas corpus relief filed by Malloy on February 27, 2012 be denied and this case be dismissed without prejudice to allow the petitioner to complete his appeal in *Malloy v. Wise, et al.*, Civil Action No. 09-CV-964-TMH. It is further

ORDERED that **on or before April 3, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of March, 2012.

                                                   /s/Charles S. Coody
                                              CHARLES S. COODY
                                              UNITED STATES MAGISTRATE JUDGE